**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Troy Zwicker</u>

    v.                                      Civil No. 05-cv-233-JD

<u>Warden, New Hampshire State Prison</u>

**<u>REPORT AND RECOMMENDATION</u>**

*Pro se* petitioner Troy Zwicker has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in which he challenges the constitutionality of his state court conviction and confinement (document no. 1).  The petition is before me for preliminary review.  <u>See</u> Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether petition is facially valid and may be served); <u>see also</u> United States District Court for the District of New Hampshire Local Rules 4.3(d) (authorizing the magistrate judge to preliminarily review *pro se* pleadings).

For the reasons stated below, I recommend that the petition be served on the respondent but only as to three claims (Grounds Two, Three and Six).  The remaining claims (Grounds One, Four and Five) fail to state constitutional claims upon which habeas

corpus relief may be granted, therefore, I recommend they be dismissed.

## Background

After his first two trials ended in mistrials, Zwicker was convicted in the New Hampshire Superior Court (Coos County) of possession of one ounce or more but less than five pounds of marijuana with intent to sell or distribute and possession of crack cocaine. He is currently incarcerated at the New Hampshire State Prison ("NHPS"). He filed an appeal with the New Hampshire Supreme Court and presented the following claims:

> (1) the trial court erred in denying Zwicker's motion to suppress evidence seized pursuant to a search warrant; he further attacked the informant's reliability and the credibility and staleness of the information they provided;
>
> (2) Zwicker's Miranda rights were violated when police officers failed to honor his invocation of the Fifth Amendment right to remain silent;
>
> (3) in the first and second trials, two police officers intentionally tried to introduce prejudicial evidence, thereby violating Zwicker's right to protection against double jeopardy;
>
> (4) during jury deliberations, the trial court erred in answering the following question affirmatively: whether the

      possession of "shake"[1] that is non-saleable
constitutes possession with intent to
distribute;

      (5)  the trial court erred in ordering Zwicker to
provide the State with a summary of testimony that he
expected to elicit from two witnesses; he further
claimed that the court ordered defense counsel to
reproduce a summary of witness interviews that
reflected mental impressions and theories of defense,
thereby violating the work-product doctrine;

      (6)  Zwicker's right to a speedy trial was violated
when he was subjected to a three-year delay, presumably
from the date of indictment to the date of his third
trial.

By decision of June 29, 2004, the New Hampshire Supreme Court denied his appeal and affirmed his conviction. Although Zwicker has not provided any pleadings relevant to his state court proceedings, he has attached a copy of the New Hampshire Supreme Court decision denying his appeal. Id. He now brings the instant petition for a writ of habeas corpus challenging the constitutionality of his conviction and confinement on the six grounds identical to those raised in his state court appeal.

## Standard of Review

In reviewing a *pro se* petition, this court must construe the pleadings liberally and in favor of the *pro se* litigant. See

---

[1] "Shake" is defined as "remnants of processing" marijuana. State v. Zwicker, 151 N.H. 179, 189, 855 A.2d 415, 425 (2004).

Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  At this preliminary stage of review, all factual assertions made by a petitioner and the inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that *pro se* pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

## Discussion

I.  Custody and Exhaustion

To be eligible for habeas relief, a petitioner must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process).  See 28 U.S.C. § 2254(a) & (b).  Zwicker satisfies the custody requirement as he is currently incarcerated at the NHSP.  For the reasons discussed below, he satisfies the exhaustion requirement but only as to three claims.

"Barring certain exceptional circumstances not present here, a habeas petitioner in state custody may not advance his or her constitutional claims in a federal forum unless and until the substance of those claims has been fairly presented to the state's highest court." Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002). The exhaustion requirement, codified at 28 U.S.C. §§ 2254(b) & (c), embodies principles of federal-state comity and is designed to provide state courts with an initial opportunity to pass upon and correct alleged violations of a prisoner's federal rights. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (exhaustion doctrine designed to give state courts full and fair opportunity to resolve federal constitutional claims before those claims are presented to federal courts); accord Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 275-76 (1971).

"To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (holding that a state prisoner does not "fairly present" a

federal claim to a state court if that court must read beyond a petition, brief or similar document that does not alert it to the presence of a federal claim).  Thus, if Zwicker has failed to adequately present his federal constitutional claim to the New Hampshire Supreme Court, he is precluded from seeking relief in federal court.

Should a petitioner demonstrate that a procedural default or an adverse party's noncompliance with court rules prevented state court review of his unexhausted claims and this resulted in prejudice, a valid cause for nonexhaustion may exist, and his claims may be considered.  See Hall v. DiPaolo, 986 F.2d 7, 10 (1st Cir. 1993).  See also Horton v. Allen, 370 F.3d 75, 81 (1st Cir. 2004).  Under the "cause and prejudice" standard, a valid cause generally must be an external factor that hindered the petitioner's attempts to comply with the procedural rule.  See Murray v. Carrier, 477 U.S. 478, 488 (1986).  See also Horton, 370 F.3d at 81 (citing Dretke v. Haley, 541 U.S. 386, 391-92 (2004) and Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

II.  Habeas Corpus Claims

Construed liberally, Zwicker's petition alleges the following six grounds for habeas corpus relief:

    (1)  the trial court failed to suppress

evidence seized pursuant to a search warrant; Zwicker further attacks the informant's reliability and the credibility and staleness of the information they provided (Ground One);

(2)  the arresting police officers continued to question Zwicker after he invoked his <u>Miranda</u> rights, thereby violating his Fifth Amendment right to remain silent (Ground Two);

(3)  Zwicker's right to protection against double jeopardy was violated when he was tried on three separate occasions for the same offense, allegedly as the result of prosecutorial misconduct in allowing prejudicial testimony by State witnesses (Ground Three);

(4)  the trial court erred during jury deliberations by answering the following question affirmatively: whether the possession of "shake" that is non-saleable constitutes possession with intent to distribute (Ground Four);

(5)  the trial court erred in ordering Zwicker to provide the State with a summary of testimony he expected to elicit from two witnesses; the trial court further erred by ordering defense counsel to reproduce a summary of witness interviews that reflected mental impressions and theories of defense, thereby violating the work-product doctrine (Ground Five);

(6)  Zwicker's right to a speedy trial was violated when he was subjected to a three-year delay, presumably from the date of indictment to the date of his third trial (Ground Six).

For the reasons stated below, I conclude that three claims (Grounds Two, Three and Six) are identical to those raised in Zwicker's appeal to the New Hampshire Supreme Court and therefore appear to be exhausted. The remaining claims (Grounds One, Four and Five) are not cognizable for purposes of federal habeas review.

    A.   Cognizable Claims

        1.   Ground Two

Ground Two alleges that after Zwicker invoked his Miranda rights, the arresting police officers continued to question him in violation of his right to remain silent. See Miranda v. Arizona, 384 U.S. 436 (1966) (holding that police officers must inform a suspect of his Fifth Amendment privilege against self-incrimination prior to initiating a custodial interrogation). Without commenting on the merits of the claim, I conclude that Zwicker has alleged sufficient facts to state a Fifth Amendment claim for purposes of preliminary review.

        2.   Ground Three

Ground Three alleges that Zwicker was tried on three occasions for the same offense in violation of his Fifth Amendment right of protection against double jeopardy. He allegedly was retried as a result of prosecutorial misconduct in

allowing prejudicial testimony by State witnesses.  In his state court appeal, Zwicker argued that the trial court should have granted his motion for a mistrial with prejudice because prosecutorial or judicial overreaching was sufficient to bar reprosecution.

The Double Jeopardy Clause of the Fifth Amendment protects a defendant in a criminal proceeding against repeated prosecutions for the same offense.  See United States v. Dinitz, 424 U.S. 600, 606, (1976)).  "However, the Double Jeopardy Clause is not an absolute bar to successive trials.  The protection embodied in the Double Jeopardy Clause is a personal defense that may be waived or foreclosed by a defendant's voluntary actions, including a request for, or effectual consent to, a mistrial." See United States v. Newton, 327 F.3d 17, 21 (1st Cir. 2003) (citations omitted).  Where a retrial follows the declaration of a mistrial, "the key question for double jeopardy purposes is whether the mistrial was declared with the defendant's consent." Id.  The only circumstance in which a defendant's consent to mistrial does not operate as a waiver of his right to claim double jeopardy is where the prosecutor or judge "intentionally provokes the defendant to request the mistrial. . ."  Id.

Zwicker has alleged that the prosecutor intentionally

9

allowed prejudicial testimony by certain State witnesses.  To the extent he alleges that the prosecutor's misconduct provoked his request for a mistrial, I conclude that he has alleged the minimal facts necessary to implicate the Double Jeopardy Clause.

    3.   <u>Ground Six</u>

Construed liberally, Ground Six alleges that Zwicker was denied his Sixth Amendment right to a speedy trial (Ground Three).  <u>See</u> <u>Barker v. Wingo</u> 407 U.S. 514, 530 (1972)(adopting balancing test for Sixth Amendment speedy trial claim and requiring habeas petitioner to show prejudice).  Because Zwicker has cited to the Sixth Amendment in his state court appeal and appears to allege that the delay in trial was prejudicial, I liberally construe his claim to allege a Sixth Amendment speedy trial violation.  To the extent he alleges a speedy trial violation based on state law, however, his claim is not cognizable under federal habeas review.  <u>See</u> <u>Davis v. Green</u>, No. Civ. A. RDB-05-390, 2005 WL: 1126843 at *3 (D. Md. May 12, 2005)(speedy trial argument based on state law not cognizable on federal habeas review); <u>accord</u> <u>Walton v. McKee</u>, No. Civ. 04-CV-73695-DT, 2005 WL 1343060 at *2 (E.D. Mich. June 1, 2005).[2]

---

[2]In his state court appeal, Zwicker argued that the trial court erred in denying his motion for a directed verdict of not

Because the above three claims are identical to those raised in Zwicker's appeal to the New Hampshire Supreme Court, I conclude that he has demonstrated exhaustion of the claims for purposes of federal habeas review.  Accordingly, by order issued simultaneously herewith, I recommend that Grounds Two, Three and Six be served on the respondent.

B.   Noncognizable Claims

1.   Ground One

In Ground One, Zwicker alleges that the trial court failed to suppress evidence seized pursuant to a search warrant in violation of his Fourth Amendment rights.  He further attacks the reliability and credibility of the informants and the staleness of the information they provided.

Habeas corpus relief is not available on a Fourth Amendment claim where the petitioner had a full and fair opportunity to raise the claim in state court.  See Stone v. Powell, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state

---

guilty and that his rights were violated by the State's purported misconduct during trial.  The New Hampshire Supreme Court held that his arguments were not properly preserved for appellate review.  Therefore Zwicker's claims may be procedurally defaulted for purposes of federal habeas review.

11

prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."); accord Gandarilla v. Artuz, 322 F.3d 182, 185 (2d Cir. 2003)("[T]he merits of a Fourth Amendment challenge are not reviewable in a federal habeas corpus proceeding if a defendant has had a full and fair opportunity to litigate that question in State court. . .").

   The record reveals that Zwicker had a full and fair opportunity to raise his Fourth Amendment claim in his state court proceedings.  In reviewing his appeal, the New Hampshire Supreme Court concluded that there was probable cause to issue the search warrant and that the trial court correctly denied Zwicker's motion to suppress the evidence seized pursuant to the search warrant.  Thus, the state corrective process was not only available but was employed for his Fourth Amendment claim. Because Zwicker's Fourth Amendment claim is not reviewable in habeas corpus, I recommend that it be dismissed.  See Cabrera v. Hinsley, 324 F.3d 527, 530-31 (7th Cir. 2003) (petitioner may not be granted federal habeas corpus relief on ground that evidence was obtained in an unconstitutional search and seizure where State provided an opportunity for full and fair litigation of Fourth Amendment claim); Graham v. Costello, 299 F.3d 129, 131

(2d Cir. 2002)(same); Castillo v. Miller, No. 04 Civ. 6157 (GEL), 2005 WL 1036346, at *4 (S.D.N.Y. May 4, 20050) (state court determination that search warrant was supported by probable cause may not be challenged in federal habeas corpus where the State has provided an opportunity for full and fair litigation of petitioner's Fourth Amendment claim).

     2.   Ground Four

Ground Four alleges that the trial court erred during jury deliberations by answering the following question affirmatively: whether the possession of "shake" that is non-saleable constitutes possession with intent to distribute.

It is well-established that "[a] federal court may not issue the writ on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37, 41 (1984). Rather, in conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (holding that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Moreover, "'[a]s a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, unless they are so

fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" Tyler v. Nelson, 163 F.3d 1222, 1227 (10th Cir. 1999)(quoting Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997).  Thus, Zwicker's burden of demonstrating the erroneous instruction was so prejudicial as to support a collateral attack "is even greater than the showing required to establish plain error on direct appeal." Henderson v. Kibbe, 431 U.S. 145, 154 (1977).

In Ground Four of the petition, Zwicker merely challenges the trial court's affirmative answer to a question posed by the jury.  There is no indication that the alleged error was not one of state law.  Nor has Zwicker alleged that the trial court's affirmative answer to the jury question has abridged his constitutional right to a fair trial or due process of law. Accordingly, I conclude that Ground Four of the petition is not cognizable on federal habeas review and recommend that it be dismissed.

        3.   <u>Ground Five</u>

Ground Five alleges that the trial court erred in ordering Zwicker to provide the State with a summary of testimony he expected to elicit from two witnesses.  The trial court allegedly further erred by ordering defense counsel to reproduce a summary

of witness interviews that reflected mental impressions and theories of defense, thereby violating the work-product doctrine.

To the extent Zwicker bases his claim on the work-product doctrine or attorney-client privilege, his claim is not cognizable on federal habeas review. See Lange v. Young, 869 F.2d 1008, 1012 n.2 (7th Cir. 1989) ("The attorney-client privilege is a creation of the common law, not the Constitution," and thus a violation of the privilege alone is insufficient grounds for habeas relief); accord Smith v. Moore, 137 F.3d 808, 819-20 (4th Cir. 1998). See also, In re Novak, 932 F.2d 1397, 1402 n.7 (11th Cir. 1991) (attorney-client privilege and attorney work-product doctrine are rights or privileges not grounded in the Constitution); Bradt v. Smith, 634 F.2d 796, 799-800 (5th Cir. 1981)(immunity accorded to attorney's work product is a creature of state law and not a right, privilege or immunity secured by the Constitution or laws of the United States). "Because federal habeas review is limited to 'violations of the United States Constitution or its law and treaties,' a mere violation of [Zwicker's] attorney-client [or work-product] privilege would not warrant habeas relief." Smith, 137 F.3d at 819 (citations omitted). Accordingly, I conclude that Ground Five fails to state a cognizable claim for purposes of federal

habeas review and recommend that it be dismissed.

## Conclusion

For the reasons stated above, I order the petition served on the respondent but only as to three claims (Grounds Two, Three and Six).  The remaining claims (Grounds One, Four and Five) fail to state constitutional claims upon which habeas corpus relief may be granted, therefore, I recommend they be dismissed.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint.  If petitioner disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this report and recommendation, or he must properly move to amend.

Any further objection to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); see also Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete,

792 F.2d 4, 6 (1st Cir. 1986).

                                                            _____
                                                            James R. Muirhead
                                                          United States Magistrate Judge

Date: August 4, 2005

cc:    Troy Zwicker, *pro se*