UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Troy Zwicker

    v.                                    Civil No. 05-cv-233-JD

Warden, New Hampshire State Prison

O R D E R

Troy Zwicker, proceeding pro se and in forma pauperis, seeks relief pursuant to 28 U.S.C. § 2254 from his conviction and confinement on two drug charges. Following preliminary review, the petition was served on the warden as to three of Zwicker's six claims. The warden moves for summary judgment. Zwicker has not responded to the warden's motion.

Background[1]

The police searched Troy Zwicker's residence on 7th Street in Berlin, New Hampshire, on September 12, 2001, pursuant to a search warrant issued that day. While the search was ongoing, Detectives Nelson and Stiegler found Zwicker in another part of town. Detective Stiegler identified himself and told Zwicker that his apartment was being searched. Stiegler explained

---

[1] The background information is taken from State v. Zwicker, 151 N.H. 179 (2004).

Zwicker's Miranda rights to him, put him in the police cruiser, and drove to Zwicker's apartment.

When they arrived at the apartment, several detectives began talking to Zwicker.  Detective Juran asked Captain Morency if he would talk with Zwicker, saying that Zwicker had indicated he would talk to Morency but not to the other officers.  Morency asked if Zwicker had been read his Miranda rights, and the detectives said that he had.  Morency also asked Zwicker if he had been read his rights, and he agreed that he had.  Zwicker talked with Morency; first trying to bargain his release and then, when that was not successful, agreeing to cooperate.  He made several statements to Morency.

Zwicker was indicted for knowingly possessing or having under his control one ounce or more but less than five pounds of marijuana with the intent to sell or dispense and for knowingly possessing crack cocaine.  He moved to suppress the evidence obtained during the search of his apartment and the statements he made to Morency.  The trial court denied both motions.

Zwicker's first two trials ended in mistrials.  During the first trial, Zwicker moved for a mistrial with prejudice when a witness mentioned finding Zwicker's Concord Prison identification card in his bedroom at his apartment.  The court declared a mistrial but dismissed the case without prejudice after finding

that the witness's statement was completely inadvertent.  In the second trial, a witness referred to Zwicker having gone to see his probation officer.  Again Zwicker moved for a mistrial, and again the court granted the motion, dismissing the case without prejudice.

Zwicker was tried for a third time.  Witnesses testified that marijuana and items related to marijuana use or sales, along with a homemade smoking device with crack cocaine residue, were found in Zwicker's apartment.  Zwicker had confessed to Morency, when they talked at Zwicker's apartment, that he had had some ecstasy and marijuana and that he was purchasing marijuana in five-pound lots.  The court denied Zwicker's motion for a directed verdict of not guilty at the close of the state's case. The jury convicted Zwicker on both charges.  On appeal, Zwicker raised seven issues, three of which are the same as his claims for habeas relief here.  The New Hampshire Supreme Court affirmed Zwicker's conviction.

### Standard of Review

"[W]ith respect to any claim the state court 'adjudicated on the merits,' habeas relief in federal court is available only if such adjudication 'was contrary to, or an unreasonable application of, clearly established Federal law, as determined by

the Supreme Court.'"  Medellin v. Dretke, 125 S. Ct. 2088, 2091 (2005) (quoting 28 U.S.C. § 2254(d)(1)).

"The 'contrary to' prong is satisfied when the state court 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases,' or if 'the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a [different] result.'"  Smiley v. Maloney, 422 F.3d 17, 20 (1st Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).  "An 'unreasonable application' occurs when a state court 'identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of petitioner's case.'"  Rompilla v. Beard, 125 S. Ct. 2456, 2462 (2005) (quoting Wiggins v. Smith, 539 U.S. 510, 520 (2003)).  In addition, the state court's factual findings are presumed to be correct unless the petitioner proves otherwise by clear and convincing evidence.  28 U.S.C. § 2254(e); Miller-El v. Dretke, 125 S. Ct. 2317, 2325 (2005).

## Discussion

In support of his petition for habeas relief, Zwicker claims that the officers who arrested him questioned him in violation of

4

his Miranda[2] rights, that he was retried in violation of the Double Jeopardy Clause, and that his speedy trial rights were violated.  The warden moves for summary judgment on the grounds that Zwicker cannot show by clear and convincing evidence that the trial court's factual finding underlying his Miranda claim was incorrect, that the supreme court's decision denying his double jeopardy claim was neither contrary to nor an unreasonable application of federal law, and that he procedurally defaulted his speedy trial claim.  Zwicker did not respond to the warden's motion.

A.  Miranda Violation

Miranda warnings convey to an accused both the Fifth Amendment right against self incrimination and the Sixth Amendment right to counsel.  Iowa v. Tovar, 541 U.S. 77, 89 (2004).  An accused's waiver of Miranda rights "is voluntary when 'it [is] the product of a free and deliberate choice rather than

---

[2] "Miranda warnings inform a suspect that he 'has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.'" United States v. Fornia-Castillo, 408 F.3d 52, 63 (1st Cir. 2005) (quoting Dickerson v. United States, 530 U.S. 428, 435 (2000) and Miranda v. Arizona, 384 U.S. 436, 479 (1966)).

intimidation, coercion, or deception, . . . [and] [a] waiver is knowing and intelligent when 'made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. . . .'" United States v. Bezanson-Perkins, 390 F.3d 34, 39 (1st Cir. 2003) (quoting Moran v. Burbine, 475 U.S. 412, 421 (1986)).  Waiver is "judged based on the 'totality of the circumstances surrounding the interrogation.'" Id. at 39-40.  Once an accused invokes his right to counsel, police may not question him until counsel is present. United States v. Ortiz, 177 F.3d 108, 109 (1st Cir. 1999).

   Zwicker states his Miranda claim as follows:  "After being read rights and acknowledged his rights.  He ask for a lawyer. In which the police officers continue to ask questions."  The same claim was presented to the New Hampshire Supreme Court, alleging that Zwicker's statements to Captain Morency should have been suppressed "where he asserted his right to remain silent upon being arrested and requested an attorney, however, law enforcement did not scrupulously honor [Zwicker's] assertion of his rights under Miranda."  Appeal Br. at 6.  The New Hampshire Supreme Court interpreted the claim as an assertion that Zwicker's federal and state constitutional rights were violated "because the police failed to honor scrupulously his invocation of his right to remain silent."  Zwicker, 151 N.H. at 186.

The supreme court noted that Zwicker had acknowledged that Officer Stiegler read him his Miranda rights before he got into the police cruiser to go back to his apartment, that he understood his rights, and that he was willing to talk to Detective Morency when he got to the apartment. Id. at 187. The supreme court also noted that the trial court had concluded "that considering the totality of the circumstances, [Zwicker's] statements were voluntary beyond a reasonable doubt" based on specific findings "that 'given the inconsistencies in [the defendant's] statements concerning [his Miranda] request during his testimony and given the other testimony received, [he] is not credible.'" Id. Based on the trial court's findings, the supreme court held that Zwicker did not invoke his Miranda rights before talking with Detective Morency. Id.

The supreme court cited New Hampshire law, rather than federal law, in making its determination on Zwicker's Miranda claim. The state court, however, need not cite or even be aware of Supreme Court precedents, "so long as neither the reasoning nor the result of the state-court decision contradicts them." Mitchell v. Esparza, 540 U.S. 12, 16 (2003) (internal quotation marks omitted). More importantly, the supreme court's decision was based on the trial court's fact finding, which Zwicker has not challenged, much less shown to be incorrect by clear and

7

convincing evidence.  Given the facts found by the trial court, the supreme court's decision was neither contrary to nor an unreasonable application of clearly established federal law.  Therefore, the warden is entitled to summary judgment on Zwicker's Miranda claim.

B.  Double Jeopardy

The Double Jeopardy Clause of the Fifth Amendment protects defendants from being prosecuted twice for the same offense.  U.S. Const. Amend. V; Witte v. United States, 515 U.S. 389, 395 (1995).  As part of that protection, the Double Jeopardy Clause prohibits "serial attempts by the government to convict a defendant on a single charge." United States v. Keene, 287 F.3d 229, 232 (1st Cir. 2002).  "[A] defendant who requests a mistrial ordinarily is deemed to have waived any subsequent claim of double jeopardy." United States v. McIntosh, 380 F.3d 548, 554 (1st Cir. 2004).  "[I]f the prosecutor purposefully instigated a mistrial or if he committed misconduct designed to bring one about, the Double Jeopardy Clause may be invoked as a bar to further prosecution notwithstanding the defendants' consent (or failure to object) to the mistrial."  Id. at 557.

Zwicker moved for mistrials in his first two trials after witnesses referenced his previous incarceration.  The trial court

granted Zwicker's motions but declared each to be a mistrial without prejudice based on a finding that "the improper testimony was inadvertently given during the first trial and did not amount to prosecutorial or judicial overreaching sufficient to bar reprosecution in either case." Zwicker, 151 N.H. at 188.  The New Hampshire Supreme Court agreed with the trial court that the witness's remark at the first trial was "'completely inadvertent on the part of the County Attorney's Office and completely without malice or ill intent and also inadvertent on the part of the [witness].'" Id. (quoting the trial court's ruling).  The supreme court also agreed with the trial court that the record in the second trial did not show "that the government engaged in intentional misconduct or gross negligence." Id. at 189.  The supreme court concluded that no double jeopardy violation had occurred.

The New Hampshire Supreme Court cited United States v. Dinitz, 424 U.S. 600, 611 (1976), and otherwise relied on state law in its analysis that is consonant with the federal law on double jeopardy.  Zwicker has not shown any basis to believe, much less clear and convincing evidence, that the trial court's findings of inadvertence and a lack of misconduct by the government and the witnesses, affirmed by the supreme court, were wrong.  Because Zwicker waived his double jeopardy claim by

requesting a mistrial in each case and the state court found no instigation by the prosecutor, the supreme court's decision on Zwicker's double jeopardy claim is neither contrary to nor an unreasonable application of clearly established federal law.

C.  Speedy Trial

Zwicker argued to the New Hampshire Supreme Court, and raises the same claim here, that his right to a speedy trial was violated by the delay caused by the mistrials in his case.  The supreme court noted the state's general rule "'that a contemporaneous and specific objection is required to preserve an issue for appellate review'" and noted that Zwicker did not assert his speedy trial right to the trial court.  Zwicker, 151 N.H. 192 (quoting State v. Blackmer, 149 N.H. 47, 48 (2003).  Because of that omission, the supreme court declined to address the speedy trial claim.[3]

The warden contends that Zwicker's speedy trial claim has been procedurally defaulted.  The doctrine of procedural default "has its roots in the general principle that federal courts will not disturb state court judgments based on adequate and

---

[3] New Hampshire adopted a plain error rule, effective November 1, 2004, after the decision in Zwicker case issued in June of 2004.  See, e.g., State v. Taylor, 2005 WL 3043687, at *1 (N.H. Nov. 15, 2005).

10

independent state law procedural grounds." Dretke v. Haley, 541 U.S. 386, 392 (2004). Therefore, "[g]enerally, habeas review is precluded when a state court reaches its decision on an independent and adequate state law ground." Horton v. Allen, 370 F.3d 75, 80 (1st Cir. 2004). A decision based on a state procedural rule is an independent and adequate state ground "so long as the state court consistently applies its . . . rule and has not waived it in the particular case by basing the decision on some other ground." Id. at 80-81. An exception to the procedural default doctrine exists when a habeas petitioner can show cause and prejudice for the procedural default or that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense." Dretke, 541 U.S. at 393 (internal quotation marks omitted).

Zwicker's failure to raise a speedy trial issue before the trial court, which the New Hampshire Supreme Court found to bar consideration of that claim on appeal, is a procedural default. New Hampshire consistently applied its rule that to preserve an issue for appellate review, an appellant is required to first give the trial court an opportunity to address the issue. See, e.g., State v. Ainsworth, 151 N.H. 691, 693-94 (2005); Blackmer, 149 N.H. at 48. The New Hampshire Supreme Court refused to consider Zwicker's claim, based on his failure to raise it below.

11

Zwicker has not presented any grounds and the record indicates no grounds that would show cause for the default and resulting prejudice.  Zwicker also has not shown any basis to believe that he is actually innocent of the charges of conviction.  Therefore, the speedy trial claim is procedurally defaulted and will not be considered here.

## Conclusion

For the foregoing reasons, the warden's motion for summary judgment (document no. 15) is granted.  The petition for a writ of habeas corpus is denied.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

December 22, 2005

cc:   Troy Zwicker, pro se
      Nicholas P. Cort, Esquire